UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALONZO MARQUISE HEARD,

   Plaintiff,

v.                                            Case No. 1:22cv78-AW-HTC

C.D. TANNER,
L. BRIDGE, and
V. WALKER,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Alonzo Marquise Heard, a prisoner in the custody of the Florida Department of Corrections ("FDOC") proceeding *pro se* and *in forma pauperis*, filed this action alleging excessive use of force by Defendants Tanner, Bridge and Walker. ECF Doc. 9 (Plaintiff's amended complaint). Before the Court are motions to dismiss based on failure to exhaust filed by Defendant Tanner, ECF Doc. 32, and Defendants Bridge and Walker, ECF Doc. 33. Plaintiff responded to both motions. ECF Doc. 36. Upon consideration, the undersigned recommends Tanner's motion to dismiss be DENIED, and Bridge and Walker's motion to dismiss be GRANTED.

### I. BACKGROUND

The following pertinent facts are taken from Plaintiff's amended complaint, ECF Doc. 9, and accepted as true for purposes of this Report and Recommendation.

On March 6, 2022, Defendant Sergeant C.D. Tanner was investigating Plaintiff's suspected use of drugs and sprayed Plaintiff with a chemical agent, despite being told he had asthma and despite Plaintiff not being unruly or intoxicated. *Id.* at 5. Tanner then handcuffed Plaintiff and sprayed a chemical agent directly into his left ear, causing him an "inner ear infection and ear damage." *Id.* Also, Plaintiff claims that because he was sprayed with a chemical agent, his asthma "started flaring" and he claims, "my lungs . . . tighten up and I begin wheezing." *Id.* at 6. Plaintiff alleges that after he was handcuffed, Defendants Sergeant L. Bridge and Officer V. Walker started "kneeing and punching" Plaintiff while he begged for his life because he could not breathe, causing him to now suffer anxiety and paranoia. *Id.* at 5–7.

## II.   DISCUSSION

### A.   Exhaustion Requirements

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory prerequisite to filing suit that federal courts "have no discretion to waive." *Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008). A court must dismiss an action if it is

satisfied that an inmate failed to properly exhaust his available administrative remedies before filing suit. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000). Proper exhaustion requires compliance with the specific agency's procedural rules and deadlines. *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

The applicable administrative rules here are those promulgated by the FDOC. The FDOC's grievance procedure generally requires an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary. *See* Fla. Admin. Code r. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

When deciding a motion to dismiss for failure to exhaust administrative remedies, the Court uses a two-step process. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant*, 530 F.3d at 1374). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. "The defendants bear

the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

### B. Plaintiff's Grievances and Appeals

Defendant Tanner argues Plaintiff failed to exhaust his administrative remedies because the grievances Plaintiff filed relating to Tanner's conduct complained only generally of Tanner spraying him with chemical agents and not specifically about Tanner spraying him with chemical agents in his ear. Defendants Bridge and Walker argue Plaintiff failed to exhaust his administrative remedies as to his claims against them because he failed to mention them in *any* grievance or appeal. In support of their respective positions, Defendants and Plaintiff submitted Plaintiff's grievances and appeals to the Court.

As an initial matter, the undersigned disagrees with Tanner's position. The purpose of exhaustion is to ensure the agency has notice of the complained about conduct and an ability to resolve the matter prior to suit. *See Woodford*, 548 U.S. at 89 (noting a purpose of exhaustion is to give an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court") (citation omitted). The grievance procedures do not require the level of detail and specificity that Tanner is suggesting.[1] *See Goldsmith v. White*, 357 F.

---

[1] Tanner cites no regulations or cases which indicate an inmate who files a complaint alleging a malicious use of chemical agents and a particular injury from those chemical agents is required to

Supp. 2d 1336, 1339 (N.D. Fla. 2005) (noting for informal grievances "[t]he only requirement established by the [FDOC's] rules is that the 'inmate shall ensure that the form is legible, that included facts are accurately stated, and that only one issue or complaint is addressed'") (quoting Fla. Admin Code r. 33-103.005(2)(b)2)); *see also Jones*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

One day after the alleged excessive use of force, Plaintiff filed an informal grievance which complained that Tanner unjustifiably sprayed him with chemical agents. *See* ECF Doc. 32 at 16 (informal grievance 211-2203-33, dated March 7, 2022). That complaint is also the basis of Plaintiff's Eighth Amendment claim here against Tanner and was sufficient to put the FDOC on notice of Tanner's allegedly improper use of chemical agents. Furthermore, the response to the informal grievance advised Plaintiff his allegations had been referred to the Inspector General ("IG") for review. The response indicated the IG could interview Plaintiff, during which the IG could presumably ask him any follow-up questions regarding the specifics of Tanner's alleged improper use of chemical agents.

---

specify in his grievances which parts of his body were affected by the agents to satisfy the PLRA's exhaustion requirement.

Lastly, informal grievance 211-2203-33 was approved, which is sufficient to satisfy the PLRA's exhaustion requirement.[2] *See Williams v. Dep't of Corr.*, 678 F. App'x 877, 881 (11th Cir. 2017) (explaining that because the inmate's "informal grievance was addressed and approved, [he] was not required to submit any further grievances[.] … [H]e exhausted his administrative remedies on those issues and was entitled to pursue a cause of action based on them."); *Luckey v. May*, 2016 WL 1128426, at *10 (N.D. Fla. Feb. 17, 2016) *report and recommendation adopted by* 2016 WL 1169481 (N.D. Fla. Mar. 22, 2016) (finding inmate exhausted his administrative remedies when he filed an informal grievance about an assault and the response stated the matter had been referred to the IG for investigation and the grievance was approved from that standpoint). Thus, Tanner has not met his burden of showing Plaintiff failed to exhaust his administrative remedies and Tanner's motion to dismiss should be denied.

The same cannot be said for Plaintiff's allegations of misconduct by Defendants Bridge and Walker. Nowhere in any of the grievances or appeals submitted by Plaintiff and the Defendants does Plaintiff identify Bridge or Walker

---

[2] Tanner does not argue and the caselaw does not indicate Plaintiff was required to wait for the IG investigation to conclude before filing suit. *See Johnson v. Shuler*, 2022 WL 17811970, at *4 (N.D. Fla. Nov. 18, 2022) *report and recommendation adopted by* 2022 WL 17811959 (N.D. Fla. Dec. 19, 2022) (noting "courts have held that once the FDC has referred a grievance to the inspector general's office, a plaintiff is not required to pursue subsequent stages of the administrative grievance process or wait for the conclusion of the inspector general's investigation").

Case No. 1:22cv78-AW-HTC

or complain about any officers punching or "kneeing" him after he was sprayed by Tanner. And Plaintiff's response to Bridge and Walker's motion does not dispute that he never mentioned them or their alleged misconduct in his grievances. Plaintiff's grievances, therefore, were not sufficient to put the FDOC on notice that Plaintiff had been physically attacked by Bridge and Walker. *See Goldsmith*, 357 F. Supp. 2d at 1339 ("inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures") (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)).

Accordingly, it is RESPECTFULLY RECOMMENDED that:

1. Defendant Tanner's motion to dismiss, ECF Doc. 32, be DENIED.

2. Defendants Bridge and Walker's motion to dismiss, ECF Doc. 33, be GRANTED, and Plaintiff's claims against Bridge and Walker be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

3. The Eighth Amendment excessive force claim against Tanner in his individual capacity be referred to the undersigned for further proceedings.

At Pensacola, Florida, this 23rd day of June, 2023.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.